ANGELINA SERINO and ANTHONY SERINO, Respondents, v. ELIZABETH COLLINS and WILLIAM J. GOGGINS, Appellants.— Action for property damages and damages

† See U. S. Code, tit. 46, § 688 *et seq.*— [REP.

for personal injuries and loss of services, as a consequence of a collision between a truck, owned by defendant Collins and operated by defendant Goggins, and a fire truck of the city of New York at a street intersection, in the course of which collision or immediately thereafter the fire truck came in contact with and damaged a house owned by the plaintiffs, inflicted personal injuries on one of the plaintiffs, and caused the other plaintiff to suffer damages by way of loss of services. Order granting plaintiffs' motion to strike out defendants' answers and to direct the assessment of damages on behalf of the plaintiffs, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, without costs. After the collision occurred the city of New York obtained judgment against defendant Collins for property damage on the theory that the conduct of the present defendants was the sole negligent cause of the accident. The plaintiffs in this action then moved to strike out their answers on the ground that the issue of negligence had been resolved against defendants and an adjudication had that their conduct was the sole negligent cause of the accident. It appears that after the defendants' truck collided with the fire truck, the fire truck cut across and collided with the house of the present plaintiffs and caused certain alleged damage. The defendants assert that the prior adjudication did not determine certain issues which they claim are present in this case and were not present in the prior case, that is, they say there was a second collision after their truck had negligently collided with the fire truck and that there is still an issue as to whether or not the fire truck operator was the sole cause of colliding with the house of the plaintiffs, even though it has been adjudicated that the present defendants were the sole cause of the collision between their truck and the city fire truck. This contention is somewhat illusory but it may not be said as a matter of law that it has no substance; hence plaintiffs may not successfully invoke the doctrine of *res judicata* under the circumstances. Carswell, Adel and Close, JJ., concur; Lazansky, P. J., and Hagarty, J., concur in result.